UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACIA GREEN,

    Plaintiff,

v.

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

Hon. Paul L. Maloney

Case No. 1:23-cv-485

## REPORT AND RECOMMENDATION

Plaintiff Stacia Green, proceeding individually and as a member/owner of Royal Care Homecare LLC (RCH), filed a pro se complaint against Defendants State of Michigan, Michigan Department of Health and Human Services (MDHHS), and Office of the Inspector General, alleging various claims under state law and a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* The claims arise out of a March 2020 MDHHS Administrative Law Judge decision upholding the department's decision to recoup $13,153.53 in funds it had determined were improperly paid to RCH for services provided by workers who were not properly registered in the Community Health Automated Medicaid Processing System (CHAMPS). (ECF No. 1 at PageID.3–7; ECF No. 1-1.)

On May 18, 2023, I granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 6.) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Based on this review, I conclude that the complaint should be dismissed without prejudice.

First, Plaintiff, as an individual and member of RCH, a limited liability company, is not the real party in interest. Pursuant to Federal Rule of 17(a), "[a]n action must be prosecuted in the name of the real party in interest." The complaint and attached exhibits show that RCH was the provider registered with DHHS and was the entity that received the payments and from which DHHS sought to recoup payments. (ECF No. 1-1.) Thus, RCH, rather than Plaintiff, is the proper party to assert claims arising from non-payment or recoupment of funds by DHHS. Under Michigan law, a member of a limited liability company may not sue on a claim that belongs to a limited liability company unless the limited liability company refuses to sue. *See* Mich. Comp. Laws § 450.4510. Because Plaintiff has not alleged that the conditions of Section 450.4510 are met, she may not bring claims belonging to RCH in her own name. *See Fredonia Farms, LLC v. Enbridge Energy Partners, L.P.*, No. 1:12-CV-1005, 2014 WL 3573723, at *9 (W.D. Mich. July 18, 2014) (limited liability company was the proper party in interest to assert claims based on damage to real property owned by the limited liability company).

Second, to the extent Plaintiff seeks to represent RCH through her status as a member of the entity, a member who is not a licensed attorney may not represent the limited liability company in federal court. *See Vectair USA, LLC v. Community Bancshares*, No. 2:16-cv-2911, 2017 WL 1149483, at *2 (W.D. Tenn. Sept. 18, 2017) ("Limited liability companies cannot be represented *pro se* by their members or managers."); *La Grasso Bros., Inc. v. American Foodservice, LLC*, No. 10-10711, 2011 WL 891221, at *2 (E.D. Mich. Mar. 11, 2011) (holding that managing member of limited liability company who was not a licensed attorney could not represent the limited liability company, and the limited liability company could not represent itself).

Third, even if RCH—the real party in interest—brought this action, RCH would not be permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915. This is because only natural

persons are permitted to proceed *in forma pauperis*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993).

Finally, Plaintiff's claims against the State of Michigan and DHHS are barred in this federal Court by the Eleventh Amendment. Regardless of the form of relief requested, the States and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, because MDHHS is an agency of the State of Michigan, it is entitled to invoke Eleventh Amendment immunity as to Plaintiff's claims. *See Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 732 (6th Cir. 2022) (noting that "MDHHS is entitled to invoke sovereign immunity against Plaintiffs' suit because it is a state agency").[1]

Accordingly, for the reasons set forth above, I recommend that the Court dismiss this action without prejudice. *See Carmichael v. City of Cleveland*, 571 F. App'x 426 (6th Cir. 2014) (a dismissal on the basis of Eleventh Amendment immunity should be made without prejudice).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and

---

[1] Although Plaintiff has named the Office of the Inspector General as a Defendant, she neither alleges facts supporting a claim against it nor seeks any relief against this agency.

an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  May 22, 2023                                                                 /s/ Sally J. Berens
                                                                                    SALLY J. BERENS
                                                                                    U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).